**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SERVSTOR TECHNOLOGIES LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BROADCOM CORPORATION,<br><br>　　　　　　　Defendant. | §<br>§<br>§　Case No.<br>§<br>§　**JURY TRIAL DEMANDED**<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ServStor Technologies LLC ("ServStor" or "Plaintiff") for its Complaint against Broadcom Corporation ("Broadcom" or "Defendant") for patent infringement alleges as follows:

**THE PARTIES**

1. ServStor is a limited liability company, organized and existing under the laws of the State of Texas, with its principal place of business located at 104 E. Houston Street, Suite 190, Marshall, Texas 75670.

2. Upon information and belief, Defendant Broadcom is corporation organized under the laws of the State of Delaware with a regular and established place of business in this Judicial District, located at 6465 Legacy Drive, Plano, TX 75024. Broadcom is registered to conduct business in the state of Texas and has appointed the Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th St., Suite 620, Austin, TX 78701, as its agent for service of process. Upon information and belief, Broadcom does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

**JURISDICTION**

3. This is an action for patent infringement arising under the patent laws of the United

States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant.  Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, has a regular and established place of business in this Judicial District,  has purposely transacted business involving the accused products in this Judicial District, including sales to one or more customers in Texas, and certain of the acts complained of herein, including acts of patent infringement, occurred in this Judicial District.

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On October 13, 2009, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,602,773 (the "'773 Patent") entitled "Transferring Data to a Target Device".    A    true    and    correct    copy    of    the    '773    Patent    is    available    at: https://patentimages.storage.googleapis.com/bf/a8/c2/fd0f41a4b7a690/US7602773.pdf.

8.      On January 5, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,643,476 (the "'476 Patent") entitled "Communication Protocols, Systems and Methods".  A true and correct copy of the '476 Patent is available at: https://patentimages.storage.googleapis.com/20/4f/bb/101d5c8c87039b/US7643476.pdf.

9.      On March 30, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,688,814 (the "'814 Patent") entitled Methods of Conveying Information Using Fixed Sized Packets".  A true and correct copy of the '814 Patent is available at: https://patentimages.storage.googleapis.com/48/89/15/9514d2f5f05d39/US7688814.pdf.

10.     On June 22, 2010, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,742,473 (the "'473 Patent") entitled "Accelerator Module".  A true and correct copy of the '473 Patent is available at: https://patentimages.storage.googleapis.com/d3/93/ca/537f61aef95435/US7742473.pdf.

11.     ServStor is the sole and exclusive owner of all right, title, and interest in the '773 Patent, '476 Patent, '814 Patent, and the '473 Patent (the "Patents-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit.  ServStor also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

**FACTUAL ALLEGATIONS**

12.     The Patents-in-Suit generally cover systems and methods for routing data over a network.

13.     The '773 Patent, the '476 Patent, and the '814 Patent discloses methods and apparatuses for data transfer and communication, including packets, to disaggregated elements.

The technology in the '773 Patent, the '476 Patent, and the '814 Patent was developed by Charles Frank, Thomas Ludwig, Thomas Hanan, and William Babbitt.  For example, this technology is implemented in servers, routers, and systems-on-a-chip ("SoC") that manage internet connections and storage partitions, including, but not limited to Broadcom SoC's for wireless LAN infrastructure, Broadcom FBAR filters, Broadcom Ethernet Controller ICs (e.g., BCM57416, BCM57417, BCM57412, BCM57414, BCM57502, BCM57504, and BCM57508), Broadcom RoboSwitch ethernet switches, Broadcom StrataDNX ethernet switches, Broadcom network adapters,  Broadcom StrataXGS ethernet switches, Broadcom host bus adapters and fiber channel host buss adapter, Broadcom RAID controller cards, Broadcom NVMe switch adapters, Broadcom RAID-on-CHIP ICs ("ROCs"), Broadcom SAS/SATA Storage I/O controllers ("IOCs"), Broadcom fibre channel storage I/O controllers, Broadcom SAS expanders, and Broadcom hard disk drive SoCs, and Broadcom Ethernet Network Interface Card products, Broadcom IT Operation Management software (e.g., Broadcom DX NetOps software), among other products (collectively, the "Accused Products").

14. The '473 Patent discloses methods and apparatuses for stateless storage accelerator modules comprising network interfaces and filter functions that enable the accelerated processing of stateless protocols associated with network storage.  The technology in the '473 Patent was developed by Mark Adams, Willam R. Babbitt, Jr., and Rochack Sharma.  For example, this technology is implemented in servers, routers, and SoCs that manage internet connections and storage partitions, including, but not limited, the Accused Products

15. Broadcom has infringed and is continuing to infringe the Patents-in-Suit by making, using, offering to sell, selling, and/or importing network switches, routers, and software which implement the technology disclosed in the above Patents-in-Suit.

## COUNT I
**(Infringement of the '773 Patent)**

16. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

17. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '773 Patent.

18. Defendant has and continues to directly infringe the '773 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '773 Patent. Such products include Broadcom SoC's for wireless LAN infrastructure, Broadcom FBAR filters, Broadcom Ethernet Controller ICs, Broadcom RoboSwitch ethernet switches, Broadcom StrataDNX ethernet switches, Broadcom network adapters, Broadcom StrataXGS ethernet switches, Broadcom host bus adapters and fiber channel host buss adapter, Broadcom RAID controller cards, Broadcom NVMe switch adapters, Broadcom RAID-on-CHIP ICs ("ROCs"), Broadcom SAS/SATA Storage I/O controllers ("IOCs"), Broadcom fibre channel storage I/O controllers, Broadcom SAS expanders, and Broadcom hard disk drive SoCs, and Broadcom Ethernet Network Interface Card products, Broadcom IT Operation Management software that communicatively couple an apparatus to a network, such as the Broadcom BCM88490.

19. For example, Defendant has and continues to directly infringe at least claim 11 of the '773 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, network switches that communicatively couple an apparatus to a network, such as the Broadcom BCM88490.

20. For example, the Broadcom BCM88490 comprises a network interface configured to communicatively couple the apparatus to a network. The Broadcom BCM88490 comprises

5

storage having a storage location. The Broadcom BCM88490 a controller coupled to the network interface and the storage and configured to receive, from a first device via the network interface, a first packet including a command, a first address that corresponds to the storage location of the apparatus, and a second address that corresponds to a storage location of a second device. The Broadcom BCM88490 a controller coupled to the network interface and the storage and configured to transmit, to the second device via the network interface, a second packet to effect a transfer of data between the storage location of the apparatus and the storage location of the second device based at least in part on the command.

# BCM88490

## StrataDNX™ 2.4 Tb/s StrataDNX™ Ethernet Switch Router Series

### Overview

The Broadcom® BCM88490 scalable Ethernet Switch Router Series is an optimized switching solution for fifth generation (5G) mobile backhaul, cell-site routing transport and aggregation, data center applications, enabling switching and routing platforms with line rate MACsec and IPsec support

The BCM88490 belongs to the ninth generation of the DNX scalable switching product line and processes up to 2400 Gb/s of traffic with an integrated security engine operating at line rate.

The BCM88490 series enables system vendors to build a comprehensive access, aggregation, and edge portfolio, with routing capacity ranging from 360 Gb/s to 2.4 Tb/s in fixed form factors, and with dense connectivity of 80 front panel ports allowing flexible configurations of up to 4.8T of Ethernet interfaces, with port rates ranging from 1 Gb/s to 800 Gb/s.

The BCM88490 Elastic Pipe™ packet processor is C++ programmable, with built-in support for data center and carrier networking applications. The large-on-chip, centralized, and fungible databases are sized to scale to the most demanding service provider and cloud applications.

The BCM88490 traffic manager integrates deep packet buffers with a flexible scheduling scheme that allows state-of-the-art hierarchical quality-of-service (QoS), transmission scheduling per-customer, per- service, as well as tunneling and overlay networks. Flexible flow control mechanisms support Priority-based Flow Control (PFC), Enhanced Transmission Selection (ETS), and Explicit Congestion Notification (ECN).[1]

21.    Defendant has and continues to indirectly infringe one or more claims of the '773 Patent by knowingly and intentionally inducing others, including Broadcom customers and end-

---

[1] https://docs.broadcom.com/doc/88490-PB.

users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

22. Defendant, with knowledge that these products, or the use thereof, infringe the '773 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '773 Patent by providing these products to end users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

23. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '773 Patent, but while remaining willfully blind to the infringement.  Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

24. ServStor has suffered damages as a result of Defendant's direct and indirect infringement of the '773 Patent in an amount to be proved at trial.

25. ServStor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '773 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

### COUNT II
### (Infringement of the '467 Patent)

26. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

27. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '476 Patent.

28. Defendant has and continues to directly infringe the '476 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '476 Patent.  Such products include Broadcom SoC's for wireless LAN infrastructure, Broadcom FBAR filters, Broadcom Ethernet Controller ICs, Broadcom RoboSwitch ethernet switches, Broadcom StrataDNX ethernet switches, Broadcom network adapters,  Broadcom StrataXGS ethernet switches, Broadcom host bus adapters and fiber channel host buss adapter, Broadcom RAID controller cards, Broadcom NVMe switch adapters, Broadcom RAID-on-CHIP ICs ("ROCs"), Broadcom SAS/SATA Storage I/O controllers ("IOCs"), Broadcom fibre channel storage I/O controllers, Broadcom SAS expanders, and Broadcom hard disk drive SoCs, and Broadcom Ethernet Network Interface Card products, Broadcom IT Operation Management software that transmit and encapsulate packets to a target device, such as the Broadcom BCM88490.

29. For example, Defendant has and continues to directly infringe at least claim 11 of the '476 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, network switches that transmit and encapsulate packets to a target device, such as the Broadcom BCM88490.

30. For example, the Broadcom BCM88490 comprises a controller configured to generate a first packet with a control portion having a first identifier segment of a split identifier, the first identifier segment corresponding to a storage area of a target device remotely disposed from the apparatus across a network.  The Broadcom BCM88490 comprises a controller

9

configured to generate a second packet with a control portion having a second identifier segment of the split identifier, the second identifier segment corresponding to a storage block of the storage area. The Broadcom BCM88490 comprises a controller configured to encapsulate the second packet within the first packet.  The Broadcom BCM88490 comprises a network interface coupled to the controller, and configured to transmit the first packet, with the encapsulated second packet, to the target device across the network.

> # BCM88490
>
> ## StrataDNX™ 2.4 Tb/s StrataDNX™ Ethernet Switch Router Series
>
> ### Overview
>
> The Broadcom® BCM88490 scalable Ethernet Switch Router Series is an optimized switching solution for fifth generation (5G) mobile backhaul, cell-site routing transport and aggregation, data center applications, enabling switching and routing platforms with line rate MACsec and IPsec support
>
> The BCM88490 belongs to the ninth generation of the DNX scalable switching product line and processes up to 2400 Gb/s of traffic with an integrated security engine operating at line rate.
>
> The BCM88490 series enables system vendors to build a comprehensive access, aggregation, and edge portfolio, with routing capacity ranging from 360 Gb/s to 2.4 Tb/s in fixed form factors, and with dense connectivity of 80 front panel ports allowing flexible configurations of up to 4.8T of Ethernet interfaces, with port rates ranging from 1 Gb/s to 800 Gb/s.
>
> The BCM88490 Elastic Pipe™ packet processor is C++ programmable, with built-in support for data center and carrier networking applications. The large-on-chip, centralized, and fungible databases are sized to scale to the most demanding service provider and cloud applications.
>
> The BCM88490 traffic manager integrates deep packet buffers with a flexible scheduling scheme that allows state-of-the-art hierarchical quality-of-service (QoS), transmission scheduling per-customer, per- service, as well as tunneling and overlay networks. Flexible flow control mechanisms support Priority-based Flow Control (PFC), Enhanced Transmission Selection (ETS), and Explicit Congestion Notification (ECN).

[2]

31.     Defendant has and continues to indirectly infringe one or more claims of the '476 Patent by knowingly and intentionally inducing others, including Broadcom customers and end-

---

[2] https://docs.broadcom.com/doc/88490-PB.

11

users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

32. Defendant, with knowledge that these products, or the use thereof, infringe the '476 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '476 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

33. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '476 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

34. ServStor has suffered damages as a result of Defendant's direct and indirect infringement of the '476 Patent in an amount to be proved at trial.

35. ServStor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '476 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '814 Patent)

36. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

37. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '814 Patent.

38. Defendant has and continues to directly infringe the '814 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '814 Patent. Such products include Broadcom SoC's for wireless LAN infrastructure, Broadcom FBAR filters, Broadcom Ethernet Controller ICs, Broadcom RoboSwitch ethernet switches, Broadcom StrataDNX ethernet switches, Broadcom network adapters, Broadcom StrataXGS ethernet switches, Broadcom host bus adapters and fiber channel host buss adapter, Broadcom RAID controller cards, Broadcom NVMe switch adapters, Broadcom RAID-on-CHIP ICs ("ROCs"), Broadcom SAS/SATA Storage I/O controllers ("IOCs"), Broadcom fibre channel storage I/O controllers, Broadcom SAS expanders, and Broadcom hard disk drive SoCs, and Broadcom Ethernet Network Interface Card products, Broadcom IT Operation Management software that transmit and encapsulate packets to a target device, such as the Broadcom BCM88490, among other products.

39. For example, Defendant has and continues to directly infringe at least claim 11 of the '814 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, network switches that transmit and encapsulate packets to a target device, such as the Broadcom BCM88490.

40. For example, the Broadcom BCM88490 comprises a controller configured to generate a first packet having a data portion that is at least approximately equal in size to a native block size of a target device, which is smaller than a native block size of the apparatus, the first packet further having a first segment of a split identifier, the controller further configured to

13

encapsulate the first packet into a data portion of a second packet, the second packet having a control portion with a second segment of the split identifier. The Broadcom BCM88490 comprises a network interface coupled to the controller, and configured to transmit the packet to the target device across a network.

> # BCM88490
>
> ## StrataDNX™ 2.4 Tb/s StrataDNX™ Ethernet Switch Router Series
>
> ### Overview
>
> The Broadcom® BCM88490 scalable Ethernet Switch Router Series is an optimized switching solution for fifth generation (5G) mobile backhaul, cell-site routing transport and aggregation, data center applications, enabling switching and routing platforms with line rate MACsec and IPsec support
>
> The BCM88490 belongs to the ninth generation of the DNX scalable switching product line and processes up to 2400 Gb/s of traffic with an integrated security engine operating at line rate.
>
> The BCM88490 series enables system vendors to build a comprehensive access, aggregation, and edge portfolio, with routing capacity ranging from 360 Gb/s to 2.4 Tb/s in fixed form factors, and with dense connectivity of 80 front panel ports allowing flexible configurations of up to 4.8T of Ethernet interfaces, with port rates ranging from 1 Gb/s to 800 Gb/s.
>
> The BCM88490 Elastic Pipe™ packet processor is C++ programmable, with built-in support for data center and carrier networking applications. The large-on-chip, centralized, and fungible databases are sized to scale to the most demanding service provider and cloud applications.
>
> The BCM88490 traffic manager integrates deep packet buffers with a flexible scheduling scheme that allows state-of-the-art hierarchical quality-of-service (QoS), transmission scheduling per-customer, per- service, as well as tunneling and overlay networks. Flexible flow control mechanisms support Priority-based Flow Control (PFC), Enhanced Transmission Selection (ETS), and Explicit Congestion Notification (ECN).[3]

41.    Defendant has and continues to indirectly infringe one or more claims of the '814 Patent by knowingly and intentionally inducing others, including Broadcom customers and end-

---

[3] https://docs.broadcom.com/doc/88490-PB.

users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

42. Defendant, with knowledge that these products, or the use thereof, infringe the '814 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '814 Patent by providing these products to end users for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

43. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '814 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

44. ServStor has suffered damages as a result of Defendant's direct and indirect infringement of the '814 Patent in an amount to be proved at trial.

45. ServStor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '814 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '473 Patent)

46. Paragraphs 1 through 15 are incorporated by reference as if fully set forth herein.

47. ServStor has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '473 Patent.

48. Defendant has and continues to directly infringe the '473 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '473 Patent. Such products include Broadcom SoC's for wireless LAN infrastructure, Broadcom FBAR filters, Broadcom Ethernet Controller ICs, Broadcom RoboSwitch ethernet switches, Broadcom StrataDNX ethernet switches, Broadcom network adapters, Broadcom StrataXGS ethernet switches, Broadcom host bus adapters and fiber channel host buss adapter, Broadcom RAID controller cards, Broadcom NVMe switch adapters, Broadcom RAID-on-CHIP ICs ("ROCs"), Broadcom SAS/SATA Storage I/O controllers ("IOCs"), Broadcom fibre channel storage I/O controllers, Broadcom SAS expanders, and Broadcom hard disk drive SoCs, and Broadcom Ethernet Network Interface Card products, Broadcom IT Operation Management software that accelerate the transmission of packets across a network, among other products.

49. For example, Defendant has and continues to directly infringe at least claim 13 of the '473 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include, but are not limited to, Broadcom WiFi SoC communications processors that accelerate the transmission of packets across a network, such as the Broadcom BCM47722.

50. For example, the Broadcom BCM47722 comprises an application and an accelerator module (e.g., SpeedBooster and the hardware implementing SpeedBooster[4]) to be

---

[4] https://www.broadcom.com/products/wireless/wireless-lan-infrastructure/bcm47722 (stating that the BCM47722 supports SpeedBooster).

coupled with the application and configured to receive a packet transmitted over a network, the packet having an address of a storage location.  The Broadcom BCM47722 comprises an accelerator module to access a destination context associated with the storage location based at least in part on the address.  The Broadcom BCM47722 comprises an accelerator module to pass at least a portion of the packet to the application by bypassing at least a portion of a communication stack of the apparatus based at least in part on the destination context.

> Wi-Fi 7 will experience rapid adoption, driven by both increased bandwidths, and by multi-link operation (MLO), which allows devices to aggregate channels and rapidly switch between channels. This is an ideal feature for high-density, congested networks and guarantees commercial-grade quality of service with optimal application latency. Broadcom's Wi-Fi 7 ecosystem includes support for 3-link MLO, which reduces latency by 50% compared to typical 2-link implementations. In addition, Broadcom Wi-Fi 7 supports the proprietary SpeedBooster™ feature, which allows 160 MHz devices, such as mobile devices based on the BCM4390, to use the full 320 MHz access point capacity, thereby doubling Wi-Fi connection speed. Wi-Fi 7 will also use Automatic Frequency Coordination (AFC) for optimal spectrum allocation to enable high-power access points and extend 6-GHz transmit range in both indoor and outdoor environments. In all, Broadcom Wi-Fi 7 delivers fast, high-quality video streaming and more responsive gaming, and improves other applications that require reliable speeds in congested environments.[5]

51.     Defendant has and continues to indirectly infringe one or more claims of the '473 Patent by knowingly and intentionally inducing others, including Broadcom customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States the Accused Products.

52.     Defendant, with knowledge that these products, or the use thereof, infringe the '473 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '473 Patent by providing these products to end users for use in an infringing manner.  Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, including specifically those

---

[5]     https://investors.broadcom.com/news-releases/news-release-details/broadcom-announces-availability-second-generation-wi-fi-7.

related to Defendant's specific industry, thereby remaining willfully blind to the Patents-in-Suit at least as early as the issuance of the Patents-in-Suit.

53. Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '473 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

54. ServStor has suffered damages as a result of Defendant's direct and indirect infringement of the '473 Patent in an amount to be proved at trial.

55. ServStor has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '473 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ServStor prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

  c. An order awarding damages sufficient to compensate ServStor for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

  d. Entry of judgment declaring that this case is exceptional and awarding ServStor its costs and reasonable attorney fees under 35 U.S.C. § 285; and,

  e. Such other and further relief as the Court deems just and proper.

Dated:  September 19, 2024    Respectfully submitted,

       /s/ *Vincent J. Rubino, III*
      Alfred R. Fabricant
      NY Bar No. 2219392
      Email: ffabricant@fabricantllp.com
      Peter Lambrianakos
      NY Bar No. 2894392
      Email: plambrianakos@fabricantllp.com
      Vincent J. Rubino, III
      NY Bar No. 4557435
      Email: vrubino@fabricantllp.com
      **FABRICANT LLP**
      411 Theodore Fremd Avenue, Suite 206 South
      Rye, New York 10580
      Telephone: (212) 257-5797
      Facsimile: (212) 257-5796

      John Andrew Rubino
      NY Bar No. 5020797
      Email: jarubino@rubinoip.com
      Michael Mondelli III
      NY Bar No. 5805114
      Email: mmondelli@rubinoip.com
      **RUBINO IP**
      51 J.F.K. Parkway
      Short Hills, NJ 07078
      Telephone: (201) 341-9445
      Facsimile: (973) 535-0921

      ***ATTORNEYS FOR PLAINTIFF***
      ***SERVSTOR TECHNOLOGIES LLC***